IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-8-FL-1
No. 5:12-CV-483-FL

| | |
|---|---|
| WILLIAM OLIVER JEFFERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 107), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and his motion under 18 U.S.C. § 3583(e)(1) to terminate supervised release (DE 108). The government filed a motion to dismiss (DE 112) and a response to the motion to terminate supervised release, to which petitioner has replied. The court held this matter in abeyance pending decision in Miller v. United States, 735 F.3d 141 (4th Cir. 2013), and then directed supplemental briefing, which has been received. In this posture, the matter is ripe for ruling. For the reasons stated below, the government's motion will be granted, petitioner's motion to terminate supervised release will be denied, and this matter will be dismissed.

**BACKGROUND**

On April 7, 2008, petitioner pleaded guilty pursuant to a written plea agreement to being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count one), and manufacturing counterfeit currency and aiding and abetting, in violation of 18 U.S.C. §§ 471 and 2 (count three). On July 11, 2008, petitioner was sentenced to a term of fifty-three (53) months imprisonment, and a term of three years supervised release, on each count, to be

served concurrently. Petitioner did not file a direct appeal, and petitioner was released from custody and began his three-year term of supervised release on July 20, 2011.

On August 2, 2012, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, arguing that he is actually innocent of his felon in possession charge in light of <u>Simmons</u>. In addition, petitioner moved to terminate his supervised release, due to good behavior, as applicable to his conviction under 18 U.S.C. § 471, and, in the alternative, applicable to his term of supervised release for his felon in possession conviction. The government does not dispute that petitioner is actually innocent of his felon in possession charge, but it contends that petitioner's motion is untimely and barred by the waiver in his plea agreement, among other grounds, and that the motion to terminate supervised release should be denied.

**DISCUSSION**

A. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

Petitioner's motion is untimely under each prong of § 2255(f). It was filed more than one

year after the judgment became final. There is no alleged impediment to making the motion created by governmental action. The Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted here. And, no new facts supporting the claims have been discovered. Miller does not change the conclusion that petitioner's motion is untimely. See Miller, 735 F.3d at 143 (noting that government waived statute of limitations "which would normally bar Miller's motion as untimely"); United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012) (dismissing § 2255 Simmons motion as untimely).

Petitioner contends, nonetheless, that equitable tolling is warranted. An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir.2002). A petitioner is "only entitled to equitable tolling if he presents . . . extraordinary circumstances" preventing him from timely filing. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Holland v. Florida, 130 S.Ct. 2549, 2562 (2010). In addition, a petitioner "must show that . . . he has pursued his rights diligently." Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008); see Holland v. Florida, 130 S.Ct. 2549, 2562 (2010).

Petitioner argues that equitable tolling should apply because Simmons announced a new rule of substantive law that is retroactively applicable on collateral review. He suggests it is wholly arbitrary and a miscarriage of justice to treat his Simmons claim as untimely where he is actually innocent of his felon in possession charge.

Accepting petitioner's argument, however, would render the limitations rule in (f)(3), and the court's ruling in Powell, meaningless. Cf. Miller, 735 F.3d at 143 (statute of limitations "would normally bar [petitinoner's] motion as untimely" absent waiver by government, for petitioner

3

actually innocent of a single felon in possession offense). In addition, no miscarriage of justice has occurred because petitioner served a fifty-three (53) month term of imprisonment for his 18 U.S.C. § 471 conviction, concurrently with the sentence he served for his felon in possession conviction. See Moore v. United States, 3:12CV152, 2013 WL 655121 *5 (W.D.N.C. Feb. 22, 2013) (declining to apply equitable tolling where term of imprisonment resulted from one conviction impacted by Simmons and other conviction not impacted by Simmons, running concurrently); see also Banks v. United States, 1:12-CV-00166-MR, 2014 WL 31795 *10 n.5 (W.D.N.C. Jan. 6, 2014) (applying procedural bar, despite actual innocence of felon in possession charge, where petitioner was not actually innocent of other count of conviction for which a concurrent term of imprisonment was imposed). Although petitioner argues that his sentence would have been much lower had he been sentenced to the currency charge only, his incarceration was nonetheless not in excess of the maximum authorized by law on that charge.

Furthermore, the court considers it as a factor in denying equitable tolling in this instance the amount of time that passed following the decision in Simmons and the filing of petitioner's § 2255 motion. Simmons was decided on August 17, 2011, but petitioner did not file his § 2255 motion until August 2, 2012, nearly one year thereafter. Counsel seeks to justify the delay on grounds that counsel was not appointed until February 8, 2012, and on the basis of the time needed for counsel to research and gather necessary documents for the motion. In addition, counsel states that petitioner waited until August 2, 2012, in order to conserve resources and encourage efficiencies by filing petitioner's § 2255 motion only after the § 3583 motion became ripe.

While the court is cognizant of the reasons for delay cited by petitioner, the time delay in filing the petition based on Simmons in this case was nonetheless significantly greater than that in other cases that have found equitable tolling warranted. Compare Green, 515 F.3d at 304 (affirming

4

denial of equitable tolling where petitioner waited fourteen months to file a habeas petition after the event upon which the petition was based); McClain v. United States, 3:12-CV-5, 2012 WL 294422 *3 (W.D.N.C. Feb. 1, 2012) (finding lack of diligence for equitable tolling where petitioner did not seek relief until five months after Simmons, when faced with potential revocation of supervised release); Boyce v. United States, 3:11-CV-646, 2012 WL 300630 *2 (W.D.N.C. Feb. 1, 2012) (same, with four month delay after Simmons); with Farmer v. United States, 867 F. Supp. 2d 785, 788 (E.D.N.C. 2012) (applying equitable tolling where petitioner filed habeas petition four months after Simmons). Moreover, the fact that petitioner voluntarily decided to wait until after the § 3583 motion became ripe to file his § 2255 petition underscores the lack of urgency, and thus the lack of miscarriage of justice, resulting from the asserted Simmons violation in this case.

Accordingly, the court declines to apply equitable tolling and dismisses petitioner's § 2255 motion as untimely. In light of this disposition, the court declines to address the government's plea waiver argument.

B. Motion to Terminate Supervised Release

Defendant moves to terminate his supervised release term for the 18 U.S.C. § 471 counterfeit currency offense, and, in the event the court denies his § 2255 motion, for the felon in possession of firearm offense. Section 3583(e)(1) provides that the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In support of the motion, petitioner argues that equity supports termination of supervised release, where he is actually innocent of his felon in possession conviction, and where his conduct has been exemplary while on supervision. The government opposes the motion, arguing that supervised release should not be reduced merely

5

because his term of imprisonment would have been lower without the felon in possession conviction. Further, the government contends that there is nothing exceptional about defendant's performance on supervised release.

Having reviewed the motion, and the record in this case, including in consultation with the United States Probation Office, the court in its discretion finds that early termination of supervised release is not warranted at this time. Accordingly, the motion will be denied.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is warranted on whether the petition is untimely, in light of the Fourth Circuit's decision in Miller. See Jones, 2014 WL 68607 *1 (expanding certificate of appealability to cover both timeliness and waiver issues, following Miller).

**CONCLUSION**

For the foregoing reasons, the court GRANTS the government's motion to dismiss and DISMISSES petitioner's motion to vacate. The court DENIES petitioner's motion for termination of supervised release. A certificate of appealability is GRANTED on the terms set forth herein.

SO ORDERED, this 20th day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

6
Case 5:08-cr-00008-FL   Document 122   Filed 02/20/14   Page 6 of 6